IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-60296
Summary Calendar

_____

GREENBROOK INC.,

Plaintiff - Appellant-Cross-Appellee

versus

STATE FARM FIRE AND CASUALTY COMPANY; ET AL.,

Defendants

STATE FARM FIRE AND CASUALTY COMPANY,

Defendant - Appellee-Cross-Appellant

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(00-CV-711-BN)

_____

November 27, 2002

Before JOLLY, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Greenbrook, Inc. appeals the summary judgment dismissing its
breach of contract action against State Farm Fire and Casualty
Company. In a well-reasoned and thorough opinion, the district
court held that Greenbrook had failed to show that there was a
genuine issue of material fact with regard to whether State Farm
breached the terms of the insurance policy. Alternatively, the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court held that State Farm was entitled to summary judgment on the ground that Greenbrook had failed to comply with the terms of the appraisal provision of the insurance policy prior to commencing this action. The district court denied as moot State Farm's alternative request to appoint an umpire to facilitate the appraisal process, stating that either party could move to reopen the case in the event further judicial intervention with regard to the selection of an umpire was necessary.

Greenbrook argues that the summary judgment should be reversed because there was no additional evidence that should have been presented to establish its entitlement to recovery of operating expenses. It contends further that it complied with the terms of the appraisal provision of the policy prior to commencing this action. On cross-appeal, State Farm argues that Greenbrook's breach of the appraisal provision of the policy voids all coverage under the policy.[**]

We have reviewed the record and the briefs, and find no reversible error. As the district court correctly held, the

---

[**]We reject State Farm's argument that we lack jurisdiction because Greenbrook's motion to alter or amend, although timely filed, was insufficient to toll the time for filing a notice of appeal because it did not state any basis for altering or amending the judgment and did not make a request that the judgment be altered or amended in any "certain way." As is obvious from the district court's Opinion and Order denying the motion to alter or amend, the motion and accompanying memoranda complied with the procedural requirements of Rule 59. Although the district court was unpersuaded by the motion, it nevertheless was adequate to toll the time for filing a notice of appeal.

parties disagree as to the amount of covered losses sustained by Greenbrook.  Under the terms of the insurance policy, such disputes must be submitted to an appraisal if demanded in writing by either party; and State Farm has made such a demand.  As the district court observed, however, there is no Mississippi precedent to support State Farm's argument that an insured's failure to comply with an appraisal provision renders the underlying insurance policy void.  We therefore AFFIRM the summary judgment, essentially for the reasons stated by the district court.  See <u>Greenbrook, Inc. v. State Farm Fire and Casualty Company</u>, No. 3:00-cv-711BN (S.D. Miss. July 24, 2001).

A F F I R M E D.